This is the Commonwealth's interlocutory appeal from a suppression order by a judge of the District Court who decided the case before the Commonwealth had the opportunity to introduce evidence at the suppression hearing. Because the order was premature, we vacate the order.
Background. On October 7, 2013, the manager of ABC Roofing in Stoughton reported a theft of approximately twenty pallets of roofing shingles valued at more than $ 25,000.[2] Upon investigation, the police determined that the culprits had used a commercial truck belonging to Wallboard Supply in Braintree to transport the stolen material.[3] The truck was reported as stolen at the time of the crime, and when the truck was returned to Wallboard Supply, its splash guards had been removed.
Using the truck's global positioning system tracking information, the police determined that on the night of the crime the vehicle traveled from Braintree into Stoughton, and then to the area of 289-373 Warren Avenue, a commercial area in Brockton. After officers from the Brockton police department surveyed the buildings and the parking lots along Warren Avenue, four pieces of shrink wrap "commonly used to wrap roofing shingle pallets" and two black rubber splash guards were discovered behind 311 Warren Avenue. Later, the manager of ABC Roofing informed the police that the shrink wrap was consistent with the material often used by the company.
The police then contacted the owner of 311 Warren Avenue (landlord). The landlord stated to the police that he was "remodeling the old building" at that address but that his friend, the defendant, was renting the garage in the rear to store business tools and equipment. The garage doors had no windows and the garage was secured by a lock. The landlord did not have keys to the lock. The police subsequently contacted the defendant, who admitted to "control[ling]" the garage and the materials therein. The defendant agreed to meet the police at the garage, but he never arrived.
While on the scene, the police "observed a crack in the doors of the garage" and used a flashlight to look into the garage where they saw "several pallets containing items that appeared to be roofing shingles." Based on the investigation, including their observations of the pallets in the garage, the police obtained a search warrant for the garage. When the search warrant was executed on October 10, 2013, the police found the stolen shingles. The defendant was charged on October 29, 2013, with one count of removing or altering a motor vehicle identifying number and one count of receiving stolen property over $ 250.
Prior to trial, the defendant filed a motion to suppress "any and all physical items and observations obtained by members of the police on [the date of the search]." An evidentiary hearing on the defendant's motion was initially scheduled for June 7, 2017, but was continued twice in order for the Commonwealth to secure the appearance of the landlord. On the third scheduled date for the hearing, September 25, 2017, the Commonwealth informed the judge that the landlord would not appear at the hearing and thus would not be testifying. As a result, the judge allowed the defendant's motion to suppress without hearing evidence and before the Commonwealth had the opportunity to make an offer of proof.[4] The judge stated: "The motion is allowed. And the absence of the landlord, I cannot find the Commonwealth has shown it had consent to be in the place from whence the officer peered through a crack in the door to see the evidence on which it based its application for a warrant."
Discussion. The Commonwealth argues that the judge erred by allowing the motion to suppress without first conducting an evidentiary hearing. The Commonwealth asserts it was prepared to go forward with two witnesses: two police officers who would testify that the landlord gave them permission to search the premises. As the Commonwealth notes in its brief, hearsay evidence is admissible in suppression hearings, see Commonwealth v. Fletcher, 52 Mass. App. Ct. 166, 168 n.2 (2001), and, therefore, the judge should not have allowed the motion based simply on the absence of the landlord.
We agree. The judge's suppression order was premature and denied the Commonwealth the opportunity to meet its burden of proof. Because hearsay evidence is permitted in a motion to suppress hearing, the Commonwealth should have been given the opportunity to present evidence. We therefore vacate the judge's order.
In reaching our conclusion, we express no opinion as to the merits of the defendant's motion to suppress.
Order allowing motion to suppress vacated.

A similar theft had taken place at ABC Roofing in 2012, but the culprit(s) were not apprehended.

The record does not identify how the suspect vehicle was first identified.

Judge : "I wanted the landlord to come in and say that, yup, I told them they could look in the garage, and there was no landlord. Mr. Prosecutor, you got the landlord here today?"
Commonwealth : "No. We did summons him -- "
Judge : "Why not?" ...
Commonwealth : "We've had no contact."
Judge : "Okay. Fair enough. Motion's allowed."